## Joel S. Byington

*v.*

## Gaff, Cochran & Co.

Delivery *to one member of a firm — effect of.* Where a firm composed of two members entered into an agreement to purchase a steamboat, and a third party guaranteed the payment of the notes given therefor, and the boat was afterward transferred by bill of sale and delivered to only one member of the firm, and on the trial the evidence tended to show that the transfer and delivery was in accordance with, and in fulfillment of, the original contract of purchase, it was *held,* that this was a transfer and delivery to the firm and not to the individual, and the guarantor was liable.

Writ of Error to the Court of Common Pleas of the city of Cairo; the Hon. John H. Mulkey, Judge, presiding.

This was an action of assumpsit brought in the Court of Common Pleas of the city of Cairo, at the January Term, 1867, by Thomas Gaff, James W. Gaff and George W. Cochran, composing the firm of Gaff, Cochran & Co., and against Joel S. Byington, upon the following note, given in part payment for the steamboat "Ella" by the firm of Musson and Culley and guaranteed by Byington:

"$2,500.                              Cairo, June 23, 1865.

Seven months after date, for value received, we or either of us promise to pay Messrs. Gaff, Cochran & Co., or order, the sum of twenty-five hundred dollars, payable at the First National bank at Cairo, with interest at six per cent until due, and if not paid at maturity ten per cent to be paid thereafter.

{ Two 50 cent and one 25 cent          R. C. CULLEY,
   U. S. Int. Rev. Stamps
       duly canceled.          J. W. MUSSON."

Indorsed:

"'For value received, I guaranty the payment of the sum of money and interest in the within note specified, and agree to pay the same according to the tenor and effect of said note if the same is not paid by the said Rodney C. Culley and James W. Musson.          J. S. BYINGTON."

Defendant's second amended plea is similar to the third amended plea, except that it alleges that the transfer of the boat to Rodney C. Culley was without defendant's knowledge or consent, and in fraud of his rights as guarantor, by reason of which he was released and wholly discharged.

In his third amended plea defendant alleges *actio non*, because he says that the note and guaranty sued on in plaintiffs' declaration were given for part of the consideration of the purchase money of the steamboat " Ella," her fixtures and furniture, an American vessel of over twenty tons burden, to wit, to the amount of $2,500, to be sold and delivered as hereinafter mentioned, and for no other or different consideration or purpose whatever ; and that the said defendant only as guarantor and exclusively for the accommodation of the firm of Musson & Culley (a firm composed of J. W. Musson and R. C. Culley) hereinafter mentioned, and without any interest in the consideration of said note whatever, he, the said defendant, executed and delivered the same as guarantor, of all which the said plaintiffs then and there had notice. And the said defendant avers, that, although the said note is signed by the individual names of the said Musson and Culley, yet, in fact, the said note sued on was, at the time it was made and guaranteed as aforesaid, the partnership note of the said firm of Musson & Culley, and was made and delivered to said plaintiffs as one of the notes for the purchase of the aforesaid steamboat, her fixtures and furniture, on the 23d day of June, A. D. 1865, at, etc., aforesaid, then and there bargained to be sold by the said plaintiffs to the said firm of Musson & Culley, by their contract in writing of that date, to wit :

" For and in consideration hereinafter mentioned, we have this day bargained and sold to J. W. Musson and R. C. Culley, the steamboat ' Ella,' her fixtures and furniture, now lying at this port ; price of said boat, fixtures, etc., is seven thousand dollars, to be paid as follows :

" Two thousand dollars in three months ; twenty-five hundred dollars in five months, and the balance of twenty-five

hundred dollars in seven months from this date. Notes for the above amounts to be given bearing six per cent interest with approved security, and payable at the First National bank at Cairo.

" The said J. W. Musson and R. C. Culley, *party* of the first part, hereby bind themselves to execute the above named notes as herein set forth.

[Int. Rev. Stamp, 25 cents.] Witness our hands and seals, this 23d day of June, 1865, at the city of Cairo.

" [Signed]          GAFF, COCHRAN & CO.,
                                    Per GREEN.     [SEAL.]

                    MUSSON & CULLEY,
                              By R. C. CULLEY."     [SEAL.]

And the said defendant further avers, that, relying upon the said contract for a sale of said boat, her fixtures and furniture, to the said firm of Musson & Culley, and that in pursuance thereof the said boat, her fixtures and furniture, would be transferred and conveyed, as an American vessel, to the said firm of Musson & Culley, and that when so conveyed and transferred would become the partnership property of the said firm of Musson & Culley, he, the said defendant, was induced, relying upon the good faith and execution of said contract by said plaintiffs, by the transfer and conveyance of said boat to the said Musson & Culley according to the tenor and effect of the aforesaid agreement for a sale of said steamboat to said firm of Musson & Culley, to guarantee said note for the said last mentioned firm. And the said defendant avers, that, after the said note was guaranteed by the said defendant as aforesaid, and delivered to said plaintiffs, and before the said plaintiffs had transferred and conveyed said boat, her fixtures and furniture, or either or any part thereof, to the said firm of Musson & Culley, the said plaintiffs, well knowing the premises, afterward, to wit, at St. Louis, Missouri, on the —— day of October, A. D. 1865, did abandon said contract of bargain for the sale of said boat, her fixtures, etc., to said firm of Musson & Culley (and never did, in whole or in part, in any manner, convey the same to said Musson & Culley), but, on the contrary

thereof, then and there, to wit, on the day and year last aforesaid, at, etc., aforesaid, did by bill of sale transfer, convey and deliver the said steamboat 'Ella,' her fixtures and furniture, exclusively to Rodney C. Culley individually, whereby and by reason whereof, the said defendant in fact says, that the consideration of said note and the said guaranty sued on in this behalf, has wholly failed, and this he is ready to verify, wherefore, etc.

Replication and issue joined.

Defendant offered in evidence the following:

## " BILL OF SALE.

" To all people to whom this present bill of sale shall come: We, Thomas Gaff and George W. Cochran and J. W. Gaff, owners of the steamboat 'Ella,' send greeting:

" Know ye, that we, the said Gaff, Cochran & Co., for and in consideration of the sum of seven thousand dollars in hand, and well and truly paid, at or before the ensealing and delivery of these presents by Rodney C. Culley, of Cairo, State of Illinois, the receipt whereof we do hereby acknowledge, and are therewith fully and entirely satisfied and contented, have granted, bargained and sold, and by these presents do grant, bargain and sell, unto the said Rodney C. Culley, the hull or body of the steamboat 'Ella,' together with all and singular, her engines, machinery, tackle, apparel and furniture, as she now lies at the port of Cairo, Illinois, and enrolled at the port of Memphis, the certificate of which enrollment is as follows, viz.: (said boat has not been enrolled in the name of present owners, for the reason that she has not been engaged in coasting trade since their ownership.)

" 'Enrollment in conformity to an act of the congress of the United States of America, entitled " An act for enrolling and licensing ships or vessels to be employed in the coasting trade and fisheries, and for regulating the same;" William Drake, of Memphis, Tenn., having taken and subscribed the oath required by the said act, and having sworn that he is a citizen of the United States, and sole owner of the ship or

33 — 44TH ILL.

vessel called the "Ella" of Memphis, whereof John F. Rule is at present master, and as he hath sworn, a citizen of the United States, and that the said ship or vessel was built at Elizabeth, Pa., in the year 1854, as appears by her last enrollment, No. 63, issued at the Port of St. Louis, on the 6th of August, 1863, and now surrendered on change of owners, and the said certificate of indorsement having certified that the said "ship or vessel, has one deck and no mast, and that her length is one hundred and fifty-three feet—inch; her breadth thirty feet, $\frac{5}{10}$ feet, —inch; her depth four feet—inch, and that she measures one hundred and seven $\frac{1}{105}$ tons, and that she is a steamer," has a cabin on deck and plain head, and the said William Drake having agreed to the description and admeasurement above specified, and sufficient security having been given according to the said act, the said steamer 'Ella' has been duly enrolled at the port of Memphis.

"'Given under my hand and seal of office, at the port of Memphis, this 18th day of December, in the year one thousand eight hundred and sixty-three.'

"To have and to hold the said granted and bargained steamboat and premises with the appurtenances, unto the said Rodney C. Culley, his heirs, executors, administrators or assigns, to his only proper use, benefit and behoof forever; and we, the said Gaff, Cochran & Co., do vouch ourselves to be true and lawful owners of the said steamboat 'Ella' and her appurtenances, and have full power, good right and lawful authority to dispose of the said steamboat and her appurtenances in the manner aforesaid. And furthermore, we, the said Thomas Gaff and George W. Cochran & Co., covenant and agree to warrant and defend the said steamboat 'Ella' and appurtenances against the lawful claims and demands of all persons whomsoever, unto the said Rodney C. Culley. That is to say, all lawful claims and demands of every nature, that accrued against said vessel prior to or on the twenty-third day of June, 1865, being the date upon which the sale of said vessel was consummated.

"In witness whereof, we, the vendors, have hereunto set our

hands and seals, this 23d day of June, in the year of our Lord, one thousand eight hundred and sixty-five.

"THOMAS GAFF,    [SEAL.]

GEO. W. COCHRANE,   [SEAL.]

J. W. GAFF,     [SEAL.]

By THOS. GAFF.

" Signed, sealed and delivered, in presence of

THOMAS A. NEWKIRK."

And also the deposition of George E. Lightner, who testified, that his knowledge in relation to the bill of sale was as follows: With the exception of the enrollment, it is in the handwriting of John C. Rankin; it was drawn by him soon after the 25th of June, 1865, at the instance of Rodney C. Culley, and brought to him by Culley; think that Musson was with Culley, and also Mr. Cochran; they were at my office at one time about the purchase; think this was the time, but am not positive; it may have been before this; I told them they must give me the last enrollment before they could get the bill of sale recorded and a new enrollment issued; this paper (bill of sale) was left with me by the parties with the request that I write to Memphis for a copy of enrollment; I did so; got a copy of the enrollment and inserted it; I do not recollect whether the paper, when left with me, was signed or not; do not recollect whether I delivered it to Culley, or sent it to Cochran or Mr. Edson at Cairo; I think it was signed, however, for the enrollment seems to have been written after the stamps were affixed; it was as near as I can say, from my book, about the first or middle of August; I cannot say positively why the conveyance was made to Culley; I think there was some understanding to that effect between the parties, but my recollection is not clear as to this matter; I recollect that I was compelled to write two or three times to Memphis, and that the boat made several trips in charge of Culley, and had some trouble with the custom house, and, as agent for Gaff, Cochran & Co., here, I assisted in arranging temporary permits.

For the plaintiffs, Edson testified, that he knew the parties;

that he wrote the note and contract (set out in plea) or bill of sale of the boat to Musson & Culley; that the boat was delivered to Culley; thinks that Musson was in Chicago; never heard any thing of the abandonment of contract in relation to sale by plaintiffs; and (on cross-examination) was not present when the boat was delivered; saw Culley's hands on the boat afterward; does not know why the bill of sale afterward was made to Culley at St. Louis.

Green, witness for plaintiffs, testified, that he first talked with Musson & Culley, a few days before the execution of the contract above, in regard to selling them the boat, and that afterward the trade was closed with Culley, and the contract drawn up and signed by all the parties. He further testified, that he delivered the boat to Musson & Culley about the date · of the contract and before the delivery of the notes.

The court gave the following instructions for the plaintiffs, to which defendant excepted:

"If the title to the boat in question passed by sale and delivery from plaintiffs to Musson & Culley, on the 23d day of June, 1865, if you find from the evidence such sale and delivery was made, and the contract by which the same passed was never abandoned or rescinded, the plaintiffs are entitled to recover in this suit if the material allegations in the declaration have been supported by the evidence."

"The court instructs the jury, that, under the issues in this case, it devolves upon the defendant to show by evidence an abandonment of the contract for the sale of the steamboat 'Ella' to J. W. Musson and R. C. Culley, if that fact is relied on as a defense to this action."

"Although, in the bill of sale of the boat 'Ella,' by plaintiffs, the same may have been conveyed to Rodney C. Culley, one of the purchasers, yet that fact does not relieve the defendant from proving an abandonment by plaintiffs of the contract for the sale of said boat. If the jury believe, from the evidence, that James W. Musson and R. C. Culley bought the steamboat 'Ella' from plaintiffs, and the said boat was delivered to them,

or one of them, for both, and that said sale or contract was never abandoned by plaintiffs, and that the other material averments in the declaration have been proved or admitted by the pleadings, the verdict should be for the plaintiffs."

The court, at the instance of defendant, gave the following instructions:

" The court instructs the jury, that any material facts in defendant's plea, which are not denied by the plaintiffs' replication, are to be admitted."

" That the issue in this cause is, whether the plaintiffs abandoned the first contract set out in the second and third pleas of defendant; and, if you believe, from all the evidence in this cause, that the plaintiffs did abandon the said first agreement and sell the boat ' Ella ' to Rodney C. Culley individually, you should find for the defendant."

And refused to give the following instructions:

" The court instructs the jury for the defendant, that, to transfer by sale an American vessel, so that the same can be used in navigating any of the rivers of the United States, the same must be transferred by bill of sale, or instrument of writing, containing and reciting therein the last certificate of registry or enrollment; and, unless you find, from the evidence in this case, that Gaff, Cochran & Co. did, by such bill of sale or instrument in writing, convey the boat mentioned in defendant's plea to the firm of Musson & Culley, you should find for the defendant."

" If the jury believe, from the evidence, that the boat named in the defendant's pleas was bargained and sold by the plaintiffs to the firm of Musson & Culley, to be used for the purpose of navigating the western rivers of the United States, and that plaintiffs never completed that contract, but did make a bill of sale of the steamboat to Rodney C. Culley only, and delivered the same to him, then your verdict should be for the defendant."

To which refusal the defendant excepted.

Verdict for plaintiffs.

Messrs. O'MELVENY and HOUCK, for the plaintiff in error.

I. The second plea (same as the third, printed at length) avers, that plaintiffs abandoned their contract to sell to the firm of "Musson & Culley," and sold and conveyed the boat without the knowledge or consent of Byington, the defendant, guarantor, to Rodney C. Culley, individually. The replication takes issue on no other part of that plea than to traverse the abandonment of the contract to sell to the firm; and the only question on the record is, whether the defendant proved that part of his pleas; for every other allegation in the pleas, not denied or traversed by the replication, is, by the rules of pleading, admitted to be true. *Dana* v. *Bryant,* 1 Gilm. 104.

II. The original contract for the sale, by the plaintiffs, was to "Musson & Culley" both, and for "Musson & Culley" jointly Byington guaranteed, and the note was delivered to the plaintiffs; but they sold by a new and different contract afterward to Culley alone, and applied the note to pay for his individual debt and purchase without the consent of Byington; therefore he is released.

When a note is indorsed for a special purpose, and the object of making the indorsement fails, the guaranty is at an end. Edwards, 316, 317, 319; Collyer on Partnership, § 614; 3 U. S. Dig. 283; 2 Am. Lead. Cas. 390, 391.

The surety or guarantor cannot be forced into a situation never contemplated by him. Story on Part. § 248.

The surety or guarantor cannot be held in any other way than he contracted. 1 Parsons on Cont. pp. 503, 504.

An indorsement for a partnership firm does not inure to the remaining partner. Collyer on Part. § 624.

Because the character of the obligor enters into the contract. Collyer on Part. § 616; Story on Part. § 246, note 2, § 247; 1 Parsons on Cont. 505.

If A guarantees a lease and a new lease is afterward substi-

tuted, A cannot be compelled to pay on the new lease, and is discharged from his liability. *White* v. *Walker*, 31 Ill. 423.

III. The writing, *i. e.* the first contract set out in the pleas, counsel hold to be a bill of sale, never was intended as such, and is not upon its face a bill of sale:

1. The writing is signed by both parties, thus showing its executory character and the fact that it was an agreement for a future sale.

2. Only a twenty-five cent internal revenue stamp is used.

3. The certificate of registry is not recited in the writing, which is absolutely necessary to constitute a valid bill of sale:

To secure the American character of the vessel. 1 Brightly's Dig. § 14, p. 828.

To prevent the forfeiture of the vessel. 1 Brightly's Dig. § 16, p. 829.

4. The writing referred to could not be recorded in the proper offices under the act of congress of 1850.

That act only provides for admission to record of bills of sale, etc., with the register recited. 1 Brightly's Dig. § 44, p. 833.

Under the act of congress of 1865, every bill of sale of a vessel must be acknowledged before it can be recorded in the proper offices. 2 Brightly's Dig. § 10, p. 402.

However, the plaintiffs' counsel admit the contract set out in the plea to be executory, by the issue made up, and it is only material in so far as it proves that the note was guaranteed on a contract for a sale of the boat to the firm of "Musson & Culley."

IV. The bill of sale really made is that set out in the abstract, and, although it purports to bear date of the 23d of June, 1865, was made in October of that year. We think it is palpably manifest that it is not the sale of the boat to the *firm* of "Musson & Culley," and not the execution of the contract, for which the note was given and guaranteed, which was for a sale to that firm. Whether the abandonment of the contract to sell to the firm was or was not by consent or agreement of the other parties, or did or did not injure Byington, the defendant, we think it is not for us to prove. The change

of the contract without his consent, on which he guaranteed the note, released him. 1 Parsons on Cont. 504, note G; *Mayhew* v. *Boyd*, 5 Md. Ch. 102.

V. The court ought to have given the instructions severally on the part of the defendant, which were refused, and ought to have refused the plaintiffs' instructions, because in form they are calculated to mislead the jury, especially so the concluding part of the second instruction, as it implied doubt as to whether the defendant relied on the only issues made up in the first and second pleas.

Messrs. ALLEN & WEBB, for the defendants in error.

I. It would seem almost too clear for argument, that, by the terms of the writing set out in plaintiffs' third plea, defendants in error *sold* the steamboat "Ella" to J. W. Musson and R. C. Culley. The language of that writing furnishes no excuse for discussing the question as to its being an *executed* or an *executory* contract. In addition to the clear legal import of the writing, the evidence of Green shows that he, as agent of defendants in error, about the date of said writing, delivered the boat to Musson & Culley, and that this delivery was before the notes, which expressed the consideration of the sale, were delivered to defendants in error.

II. Plaintiff in error seems to complain, that, after the sale and delivery of the boat to Musson & Culley, a bill of sale, under the act of congress, was made to Culley alone; in other words, that before the boat was ready for enrollment under Musson & Culley's purchase, Musson had parted with his interest in the boat to Culley, in whose name alone the bill of sale was made and the boat enrolled; the position assumed, in substance, being that to render plaintiff in error liable on his guaranty, Musson must never part with his interest in the boat. Such a proposition we are not disposed to argue. The guaranty of plaintiff in error was not a continuing one, but simply an undertaking that if Musson & Culley did not pay the note guaranteed, he (Byington) would pay the same himself. It is respectfully submitted that all the authorities referred to by

counsel for plaintiff in error upon this point are wholly inapplicable, and would only have the least pertinency if this suit had been brought upon a continuing guaranty. But the plaintiff in error, according to his own statements, testified to by Mr. Webb, guaranteed the note because Culley "told him he would indemnify him against loss by a mortgage on two lots."

III. Although a bill of sale, under the act of congress, must be made to the purchaser upon the sale of a vessel in order to enrollment, yet, a boat being but a chattel, title to the same may pass to the purchaser without such bill of sale. A bill of sale was, however, regularly made out, according to the act of congress, by defendants in error to Culley, and delivered to him. The evidence of Lightner shows, that there was some arrangement between Musson & Culley by which. the bill of sale was made to the latter, and that this was some days after Musson & Culley had taken possession of the boat, and even after they had repaired the boat at St. Louis.

IV. The instructions given by the court embody the law, and the court might well have refused to instruct the jury at all, at the instance of plaintiff in error, upon the issue of an abandoment of the contract, for no evidence whatever, looking to an abandonment of the contract for the sale, by defendants in error, of the boat, was introduced by the plaintiff in error in the court below.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Plaintiff in error insists that the judgment of the court below should be reversed, because of the refusal to give two instructions asked by him. We can see no error in refusing to give them. As asked, they were calculated to mislead the jury. The evidence shows, that the boat was sold to Musson & Culley, and under that sale was delivered alone to Culley; and it would seem that the delivery was in pursuance to, and fulfillment of, the contract of purchase; and the evidence tends to show that the transfer by the deed was made in the same manner, and to fulfill the agreement.

If it was transferred to him for both Musson & Culley, with their assent, and in accordance with their wishes, then there can be no doubt that the agreement was substantially and legally performed, while these instructions would require the jury to find for defendant, unless the transfer had been made to both of them.

Plaintiff in error had assumed the burden of proving that the original agreement had been abandoned, and a new sale made alone to Culley; and these instructions assume that the transfer of the boat to Culley, no difference how made, proved that fact; while, on the contrary, we have seen that the possession was delivered to Culley under the sale to Musson & Culley, and the jury were warranted in finding that the transfer was made to Culley in the same manner; unless they had been properly modified, the court did right in refusing to give them to the jury. Perceiving no error in this record, the judgment of the court below must be affirmed.

*Judgment affirmed.*